HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile:  (562) 435-6335
E-mail: dhaberbush@lbinsolvency.com

Attorneys for Debtor and Debtor-in-Possession.

**FILED & ENTERED**

**DEC 07 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FARGO TRUCKING COMPANY, INC.,<br><br>    Debtor and Debtor-in-Possession. | Case No.  2:17-bk-23714-NB<br><br>**Chapter 11**<br><br>**ORDER CONFIRMING COMBINED CHAPTER 11 PLAN AND DISCLOSURE STATEMENT PROPOSED BY FARGO TRUCKING COMPANY, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, TOGETHER WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Combined Hearing for Approval of Disclosure Statement and Confirmation of Plan**<br>Date:   December 4, 2018<br>Time:  2:00 p.m.<br>Ctrm:  Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

The confirmation hearing for the Combined Chapter 11 Plan and Disclosure Statement [dkt no. 312] (the "Plan") Proposed by Fargo Trucking Company, Inc., Debtor and Debtor-in-Possession ("Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") came on for hearing before the undersigned bankruptcy judge in his courtroom, courtroom 1545, 15th floor, 255 E. Temple Street, Los Angeles, CA 90012 on the 4th of December, 2018 at 2:00 p.m. (the "Confirmation Hearing").  Appearances were as stated in the record.

1

The Court has reviewed the Plan, the Plan Ballot Summary [dkt. no. 352], the Brief in Support of Confirmation of the Plan [dkt. no. 353] (the "Confirmation Brief"), the Objection of Driver Creditors to Payment of Administrative Claim to Robert Wallace [dkt. no. 335] (the "Wallace Objection"), Debtor's Opposition to the Wallace Objection [dkt. no. 354], the Clarification of Liquidating Chapter 11 Plan Proposed Jointly by Debtor and the Committee Regarding Plan Effective Date [dkt. no. 342] (the "Clarification"), and the Stipulation Regarding Administrative Claim of David Meadows in Connection with Mediation Services [dkt. no 358] (the "Meadows Stipulation"), and the declarations and evidence offered in support of confirmation of the Plan, and upon (i) all of the evidence proffered or adduced and arguments of counsel made at the Confirmation Hearing, and (ii) the entire record of this bankruptcy case, and after due deliberation thereon, with good cause appearing therefor, this Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 (b)(2) and 1334 (a)).</u> Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on November 6, 2017 (the "Petition Date"). Debtor was qualified and remains qualified to be a debtor under 11 U.S.C. § 109. Debtor is authorized to and has been operating as Debtor-in-Possession since the commencement of this bankruptcy case. No trustee or examiner has been heretofore appointed in this case. Venue was proper on the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Court has the power to authorize and direct each of the actions contemplated by the Plan.

2. <u>Burden of Proof.</u> Debtor and Committee, as the joint proponents of the Plan, have met their burden of proving the elements of 11 U.S.C. § 1129 (a) and (b) by a preponderance of the evidence, as further found and determined herein.

3. <u>Adequacy of Information Contained in Plan (11 U.S.C. § 1125(a)(1))</u>. The Plan contains adequate information as that term is defined by 11 U.S.C. § 1125(a)(1) and is hereby approved.

4. <u>Transmittal of Solicitation Materials.</u>  To obtain requisite acceptance of the Plan, on or about October 30, 2018, Debtor completed solicitation of acceptances and rejections of the Plan. Debtor transmitted: (a) written notice ("Confirmation Hearing Notice") of (i) the deadline for voting on the Plan, (ii) the date of the Confirmation Hearing, and (iii) the deadline for filing objections to confirmation of the Plan; (b) the Plan; and (c) the ballots (the "Solicitation Materials") to all creditors.

5. <u>Good Faith Solicitation; No Requirement for Resolicitation.</u>  Votes for acceptance and rejection of the Plan were solicited in good faith, after transmittal of a disclosure statement containing adequate information, and in compliance with 11 U.S.C. §§ 1125 and 1126, Federal Bankruptcy Rules 3017 and 3018, the Plan, and all other applicable provisions of the United States Bankruptcy Code and rules, laws, and regulations. Accordingly, the Court finds no need to re-solicit votes.

6. <u>Adequacy of Notice.</u>  Notice of the Confirmation Hearing was given in compliance with Federal Bankruptcy Rules 2002(b) and 3020(b)(2).  All parties in interest had the opportunity to appear and be heard at the Confirmation Hearing and no other or further notice is required.

7. <u>Impaired Classes Voting to Accept the Plan.</u>  As evidenced by the Plan Ballot Summary, Classes 2, 4, 5, and 6 are impaired and have voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126.  Thus, at least one impaired class of Claims has voted to accept the Plan.

8. <u>Classes Deemed to Accept the Plan.</u>  As evidenced by the Plan Ballot Summary, Classes 1 and 3 are not impaired under the Plan and are deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f).

9. <u>Classes Voting to Reject the Plan.</u>  No Classes have voted to reject the Plan.

10. <u>Classes Deemed to Reject the Plan.</u>  Class 7 is deemed to have rejected the Plan.

11. <u>Objections to the Plan.</u>  There were no objections to confirmation of the Plan.

12. *Plan's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))*. The Plan complies with the applicable provisions of the United States Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 1122 and 1123, thereby satisfying 11 U.S.C. § 1129(a)(1).

*(A) Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))*. In addition to administrative claims and priority tax claims, which are not and do not need to be classified, the Plan designates separate Classes of claims for and against Debtor. The claims placed in each Class are substantially similar to other claims in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of claims created under the Plan and such Classes do not unfairly discriminate between holders of claims or the holders of such claims have consented to such classification. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

*(B) Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))*. Article III.C of the Plan specifies that Classes 1 and 3 are not impaired in that the legal, equitable or contractual rights of holders of the claims within such Classes are not altered under the Plan, which satisfies 11 U.S.C. § 1123(a)(2).

*(C) Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))*. Article III.C of the Plan identifies Classes 2, 3, 5, 6, and 7 as impaired under the Plan and specifies the treatment of such claims in those Classes, which satisfies 11 U.S.C. § 1123(a)(3).

*(D) Discrimination (11 U.S.C. § 1123(a)(4))*. Except to the extent that the holder of a particular claim has agreed to alternative treatment, Article III.C of the Plan provides for the same treatment by Debtor for each claim in each respective Class, which satisfies 11 U.S.C. § 1123(a)(4).

*(E) Implementation of the Plan (11 U.S.C. § 1123(a)(5))*. Article III.D and III.E of the Plan contains provisions to adequately facilitate implementation of the Plan. The Plan provides for adequate and proper means for its implementation, which satisfies 11 U.S.C. § 1123(a)(5).

*(F) Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))*. The Plan provides that Debtor's operations and existence will cease such that its bylaws do not need to be amended to prohibit the issuance of nonvoting equity securities, and provide, as to the several classes of

securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends as required by 11 U.S.C. § 1123(a)(6). This complies with the requirements of 11 U.S.C. § 1123(a)(6).

(G) Selection of Officers, Directors and the Trustee (11 U.S.C. § 1123(a)(7)). The Plan contains no provisions which are inconsistent with the interests of creditors, equity security holders, or public policy with respect to the selection of the management of Debtor's assets, which complies with the requirements of 11 U.S.C. § 1123(a)(7).

(H) Payments from Earnings (11 U.S.C. § 1123(a)(8)). Because Debtor is not individual, the Plan need not provide for the payment to creditors under the Plan such portion of earnings from personal services performed by Debtor after commencement of the case and future income of Debtor as is necessary for execution of the Plan. Therefore, the Plan meets the requirements of 11 U.S.C. § 1123(a)(8).

13. <u>Compliance with Federal Bankruptcy Rule 3016</u>. The Plan is dated and identifies the persons submitting it, thereby satisfying Federal Bankruptcy Rule 3016(a). The filing of the Plan, combined with the Disclosure Statement, with the Court satisfies Federal Bankruptcy Rule 3016(b). The Plan does not provide for an injunction against conduct not otherwise enjoined under the Code, and therefore complies with Federal Bankruptcy Rule 3016(c). Notwithstanding the injunction for commencing any claims or actions against the Debtor provided in the Plan, the injunction does not prevent the Joe Murez Exempt Trust from naming or maintaining the Debtor, the Liquidating Trustee, the Liquidating Trust, and/or any other successor(s) thereto in any action solely for the purposes of establishing liability as a prerequisite or condition to proceeding against and to recover amounts from the Debtor's insurer(s) for damages sustained at the real property located at 2727 Del Amo Blvd., Rancho Dominguez, California; the Joe Murez Exempt Trust may seek to recover from the Debtor's insurer(s), as specified in the treatment of the Joe Murez Exempt Trust in Class 4, and the Plan does not affect the liability of the Debtor's insurer(s) for

such debt(s) as the Debtor's insurer(s) and such actions, claims and the like are not released, discharged, or enjoined by the Plan or the terms of this order; and, any judgment obtained against the Debtor's insurer(s) will not be enforced against property of the Debtor, the Debtor's estate, the Liquidating Trustee, the Liquidating Trust, or any successor(s) thereto.  In any event that the Joe Murez Exempt Trust commences an action described herein, Joe Murez Exempt Trust shall name the Debtor, the Liquidating Trustee, and the Liquidating Trust for the sole purpose of establishing liability and recovering against insurance coverage that may be available to cover its claim; the Debtor and the Liquidating Trustee shall have no monetary or other obligation with respect to such an action or any claims arising from this action.  The Liquidating Trust shall reserve its rights to recover for any damages incurred in connection with any violation of the injunctions set forth in the Plan or that exist as a matter of law.  All claims by any party, including any claim of an insurer or surety, against the Debtor, the Debtor's assets, the Liquidating Trust or the Liquidating Trust assets which arises out of or relates to any action by the Joe Murez Exempt Trust described in this paragraph, are hereby barred and enjoined by the Plan, this Order and applicable bankruptcy law.

14.     <u>Compliance with Federal Bankruptcy Rule 3018</u>.  As set forth more fully in paragraphs 3, 4 and 5 above, the solicitation of votes to accept or reject the Plan satisfies Federal Bankruptcy Rule 3018.  The Solicitation Materials described in paragraph 3 above were transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for the acceptance or rejection of the Plan, and the Solicitation Materials and related solicitation procedures comply with 11 U.S.C. § 1126, thereby satisfying the requirements of Federal Bankruptcy Rule 3018.

15.     <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  Debtor and the Committee have complied with the applicable provisions of the United States Bankruptcy Code and the Federal Bankruptcy Rules in transmitting the Plan and the Solicitation Materials, and in soliciting and tabulating votes on the Plan, and have otherwise complied with the provisions of Title 11, thereby satisfying 11 U.S.C. § 1129(a)(2).

16.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  Debtor and the Committee have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying

1  11 U.S.C. § 1129(a)(3).  The Plan is designed to allow Debtor to liquidate while providing the highest possible recovery to creditors.  Moreover, the Plan itself, the process leading to its formation, and the support for the Plan received by way of the ballots of acceptance cast by the creditors holding claims provides independent evidence of Debtor's and the Committee's good faith. Debtor, the Committee, and their financial advisers and attorneys have acted in "good faith" within the meaning of 11 U.S.C. § 1125(e), thus satisfying the "good faith" requirement of 11 U.S.C. § 1129(a)(3).  In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan.

17.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by Debtor for services or for costs and expenses in connection with this bankruptcy case, or in connection with the Plan and incident to this bankruptcy case, has been approved by, or is subject to the approval of this Court.  Any such payment made on a final basis before confirmation of the Plan is reasonable and any such payment to be fixed or approved on a final basis after confirmation of the Plan is subject to Court approval, as reasonable.  The Plan therefore satisfies 11 U.S.C. § 1129(a)(4).  The Court overrules the Wallace Objection in its entirety. The outstanding administrative claim to Robert Wallace is in the amount of $77,016.22, to be paid as follows: (a) Federal income tax withholding - $10,243.75; (b) FICA - $5,792.54; (c) FTB withholding - $5,268.30; (d) State other - $619.83; (e) net check to Robert Wallace - $55,091.90. Finally, the Court approves the Meadows Stipulation and authorizes $4,000 to be paid to David Meadows on account of his mediation services that benefited the estate.

18.    <u>Insiders (11 U.S.C. § 1129(a)(5))</u>.  Pursuant to 11 U.S.C. § 1129(a)(5), the Plan discloses that post-confirmation, Debtor's operations and existence will cease and that a Liquidating Trust and Post-Confirmation Committee will be established. Thus, the requirements of 11 U.S.C. § 1129(a)(5) are satisfied.

19.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Debtor is not subject to governmental regulatory commission approval of its rates. Thus, the requirements of 11 U.S.C. § 1129(a)(6) are satisfied.

20. <u>Best Interests Test (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies 11 U.S.C. § 1129(a)(7). The Plan Ballot Summary and the liquidation analysis provided in Article IV.C of the Plan and Section I.A.7 of the Confirmation Brief (the "Liquidation Analysis") indicate that each Class of claims will receive or retain under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain in a Chapter 7 liquidation.  The Liquidation Analysis, including the methodology used and estimations and assumptions made therein, and the evidence related thereto that was proffered at the Confirmation Hearing, (A) are persuasive and credible as of the date such evidence was prepared, presented or proffered, (B) either have not been controverted by other persuasive evidence or have not been challenged, (C) are based upon reasonable and sound assumptions, and (D) provide a reasonable estimate of the liquidation value of Debtor's estate upon conversion to Chapter 7 proceedings. Because each holder of a claim in each Class has (i) accepted the Plan, or (ii) will receive at least as much under the Plan as they would under a Chapter 7 liquidation, the Plan satisfies 11 U.S.C. § 1129(a)(7).

21. <u>Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Classes 1 and 3 are not impaired under the Plan and are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f). Classes 2, 4, 5, and 6 are impaired under the Plan and have voted to accept the Plan. No Classes have voted to reject the Plan, but Class 7 is deemed to have rejected the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is satisfied with respect to Classes 1, 2, 3, 4, 5, and 6, which are all classes other than Class 7 under the Plan. Therefore, all requirements of 11 U.S.C. § 1129(a)(8) have been satisfied in relation to Classes 1, 2, 3, 4, 5, and 6.

22. <u>Treatment of Administrative Priority and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The Plan provides for treatment of all allowed claims entitled to priority pursuant to 11 U.S.C. § 507(a)(2)-(8) in the manner required by 11 U.S.C. § 1129(a)(9).

23. <u>Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Classes 2, 4, 5, and 6 are impaired and have voted to accept the Plan in accordance with 11 U.S.C. § 1126, thereby satisfying the requirements of 11 U.S.C. § 1129(a)(10).

24.  Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan is feasible because the Debtor shall have sufficient funds to pay all administrative claims and all other required payments on the Effective Date. Due to the nature of a liquidating Plan, further reorganization or liquidation is not possible. Further, the Debtor has provided sufficient evidence that there will be adequate funding for all remaining payments under the Plan.  Because the Plan is feasible and not likely to be followed by a second liquidation or the need for further financial reorganization of Debtor, the Plan therefore complies with 11 U.S.C. § 1129(a)(11).

25.  Payment of Fees (11 U.S.C. § 1129(a)(12)).  Article V.E of the Plan provides that Debtor, or the Liquidating Trust as the case may be, will pay any fees due to the United States Trustee as they become due.  The Plan further provides that all fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  Therefore the Plan meets the requirements of 11 U.S.C. § 1129(a)(12).

26.  Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Debtor has no obligation to pay retiree benefits, and therefore 11 U.S.C. § 1129(a)(13) is not applicable to the Plan.

27.  Payment of Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  Debtor is not required by any judicial or administrative order, or by statute, to pay any domestic support obligation, and 11 U.S.C. § 1129(a)(14) is therefore inapplicable to the Plan.

28.  Certain Payments by Individual Debtors (11 U.S.C. § 1129(a)(15)).  11 U.S.C. § 1129(a)(15) does not apply because Debtor is not an individual.

29.  Transfers of Property of a Debtor that is not a Moneyed Interest (11 U.S.C. § 1129(a)(16)).  The Plan provides for a Liquidating Trust, and its creation is in accordance with non-bankruptcy law.  11 U.S.C. § 1129(a)(16) is therefore satisfied.

30.  The Plan Provides Fair and Equitable Treatment to Secured Claims (11 U.S.C. § 1129(b)(2)(A)). Debtor and the Committee do not have to satisfy the requirements of 11 U.S.C. § 1129(b)(2)(A) because all secured claims were either unimpaired and deemed to have accepted the Plan or voted to accept the Plan. The uncontroverted evidence offered at the Confirmation Hearing demonstrates that the holders of secured claims in Classes 1 and 2 have either voted to accept the

Plan or are deemed to accept the Plan. Therefore, Debtor and the Committee have satisfied the requirements of 11 U.S.C. § 1129(b)(2)(A) in relation to Classes 1 and 2.

31. <u>The Plan Provides Fair and Equitable Treatment to Unsecured Claims (11 U.S.C. § 1129(b)(2)(B))</u>. Debtor and the Committee do not have to satisfy the requirements of 11 U.S.C. § 1129(b)(2)(B) because all impaired unsecured claims were unimpaired and are deemed to have accepted the Plan or voted to accept the Plan. The uncontroverted evidence offered at the Confirmation Hearing demonstrates that the holders of non-priority unsecured claims in Classes 3, 4, 5, and 6 have either voted to accept the Plan or are deemed to accept the Plan. Therefore, Debtor and the Committee have satisfied the requirements of 11 U.S.C. § 1129(b)(2)(B) in relation to Classes 3, 4, 5, and 6.

32. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)(2)(C))</u>. The holders of interest in Class 7 are deemed to have rejected the Plan. Debtor presented uncontroverted evidence in the Confirmation Brief that the Plan treats interest holders within Class 7 fair and equitably. Pursuant to Article III.C.5 the Plan, the interests of the equity holders will be cancelled. Due to the terms of the Plan, the interest holders would receive the balance that remains after all the creditors are paid, which is nothing because the estate is insufficient to pay creditors in full. Further, there are no holders of interests junior to the Class 7. Therefore, there are no junior interests that are receiving anything under the Plan on account of those interests. Therefore, the interest holders are treated fairly and equitably under 11 U.S.C. § 1129(b)(2)(C)(i). Accordingly, Debtor and the Committee have satisfied the requirements of 11 U.S.C. § 1129(b) in relation to Class 7.

33. <u>Principal Purpose (11 U.S.C. § 1129(d))</u>. The avoidance of Section 5 of the Securities Act of 1933 is not the principal purpose of the Plan, nor is the avoidance of taxes or any provision of applicable tax law a principal purpose of the Plan, and no governmental unit has objected to the confirmation of the Plan asserting such avoidance. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

34. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record in this bankruptcy case, Debtor and the Committee, their advisers, and their attorneys have acted in

10

"good faith" within the meaning of 11 U.S.C. § 1125(e) and the Federal Bankruptcy Rules in compliance with all of its activities related to the solicitation of acceptances of the Plan and its participation in the activities described in 11 U.S.C. § 1125, and accordingly, the parties are entitled to the protections afforded by 11 U.S.C. § 1125(e).

35.　　Satisfaction of Confirmation Requirements.　The Plan satisfies the requirements for confirmation as set forth in 11 U.S.C. § 1129.

36.　　Retention of Jurisdiction.　The Plan satisfies the requirements for confirmation as set forth in 11 U.S.C. §§ 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, this bankruptcy case and the Plan to the fullest extent permitted by law and as set forth in the Plan.

37.　　Effective Date.　The Effective Date of the Plan is the 15th day after entry of this Confirmation Order so long as no stay of this Confirmation Order is in place. Further, the Clarification regarding the Plan is approved; Article IV.B of the Plan entitled "Initial Settlement Payment Required in Order that the Plan Become Effective" is deleted and in its place, the words "INTENTIONALLY OMITTED" shall be deemed inserted into the Plan as and for Article IV.B.

**ORDER CONFIRMING PLAN**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.　　Findings of Fact and Conclusions of Law.　The above findings of fact and conclusions of law are hereby incorporated by this reference as though set forth in full hereat.

2.　　Solicitation and Disclosure.　The Disclosure Statement contains adequate information in accordance with 11 U.S.C. § 1125. Votes for the acceptance or rejection of the Plan were solicited by Debtor and the Committee in good faith and in compliance with 11 U.S.C. § 1125 and 1126, Federal Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the United States Bankruptcy Code and all other rules, laws and regulations. The solicitation procedures and solicitation are hereby approved in all respects.

3.　　Confirmation of the Plan.　The Plan is approved in its entirety and confirmed pursuant to 11 U.S.C. § 1129.

4. <u>Liquidating Trust</u>. The Liquidating Trust in the form annexed to the Plan is approved.

5. <u>No Objections</u>. There were no objections or responses to the Plan<u>, except for the Wallace Objection which was overruled as noted above</u>.

6. <u>Plan Terms Controlling</u>.  For purposes of distributions under the Plan, the classifications and amounts of claims, and the proportionate distributions to be made to members of each Class, shall be governed solely by the terms of the Plan, except that the amounts of such claims may be reduced to the extent any objection to the amount of the claims is brought and such objection is granted.  <u>Unless otherwise ordered in connection with any future dispute that is properly presented to this Court, the</u> ~~The~~ classifications (A) are included in the Ballots tendered to or returned by the holders of claims for the sole purposes of voting on the Plan; (B) do not necessarily represent and in no event shall be deemed to modify or otherwise affect the actual classification of such claims under the Plan for distribution purposes; (C) may not be relied upon by any holder of a claim as representing the actual classification of such claims under the Plan for distribution purposes; and (D) shall not be binding on Debtor or the Liquidating Trust.

7. <u>Provisions of Plan and Order: Non-Severable and Mutually Dependent</u>.  The provisions of the Plan and of this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non–severable and mutually dependent.

8. <u>Record Closed</u>.  The record of the Confirmation Hearing is hereby closed.

9. <u>Notice</u>.  Debtor and the Committee provided good and sufficient notice of: (a) the Confirmation Hearing; and (b) the deadline for filing and serving objections to the Plan and Disclosure Statement. Said notice is hereby approved.

10. <u>Authorization and Direction to Act</u>. In accordance with 11 U.S.C. § 1142, Debtor, the Committee, the Liquidating Trust, and the Post-Confirmation Committee are hereby authorized and directed to take all steps and to perform such acts as may be necessary, desirable or appropriate to comply with, implement and effectuate the Plan, whether or not such action is specifically contemplated by the Plan or this Confirmation Order.

11. <u>Binding Effect</u>.  In accordance with 11 U.S.C. § 1141, the Plan shall be binding upon and inure to the benefit of Debtor, the Liquidating Trust, and any person receiving property under the Plan, any party to a contract with Debtor, and any holder of a claim against Debtor, whether or not such claim is impaired under the Plan and whether or not such holder will receive or retain property or an interest in property under the Plan, has filed a Proof of Claim in this bankruptcy case, or failed to vote to accept or reject a Plan or affirmatively voted to reject the Plan, and their respective successors and assigns, if any, of the foregoing.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, and all documents related to the Plan, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.  The rights, benefits, and obligations of Debtor, the Liquidating Trust, holders of a claim, or any other person or entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of Debtor, the Liquidating Trust, the holder of a claim, or any other person or entity.

12. <u>Vesting of Assets Free and Clear of Claims and Interests</u>.  Upon Confirmation of the Plan, and except as otherwise provided in the Plan or this Confirmation Order, all property of the estate of Debtor vests in the Liquidating Trust free and clear of all claims, liens, charges, or other encumbrances or interests. The Liquidating Trust shall be vested with and retain and may enforce any claims, rights, causes of action, and any and all setoff, recoupment, and similar rights that the Debtor may hold or have against any entity. Such vesting does not constitute a voidable transfer under the United States Bankruptcy Code or other applicable non-bankruptcy law.  On and after the Effective Date, the Liquidating Trustee may use, acquire and dispose of property in compromise or settlement of any claims without supervision or approval by the Bankruptcy Court and free and clear of any restrictions of the United States Bankruptcy Code or the Federal Bankruptcy Rules, other than restrictions expressly imposed by the Plan or this Confirmation Order.  Without limiting the foregoing, the Liquidating Trust and Post-Confirmation Committee may pay the charges that it incurs on or after the Effective Date for professionals' fees,

disbursements, expenses or related support services without application to the United States Bankruptcy Court.

13. <u>No Discharge of Debtor</u>.  Pursuant to 11 U.S.C. § 1141(d), and except as otherwise provided in this Confirmation Order, Debtor is not entitled to a discharge.

14. <u>Failure to Timely File Proof of Claim</u>.  Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) who was required to file a timely proof of claim in the form and manner specified by the Order Setting Bar Date: March 16, 2018 and Directing Service by Debtor entered by the Court on January 11, 2018 and served on January 15, 2018 (the "Notice of Bar Date") shall be forever barred, estopped, and enjoined from asserting such claim against Debtor or the Liquidating Trust and shall not receive or be entitled to receive any payment or distribution of property from Debtor or its successors or assigns with respect to such claim.  Further, any person or entity who filed an allowed proof of claim is hereby forever barred from amending its claim to an amount higher than the amount indicated in the proof of claim effective as of December 4, 2018.

15. <u>Settlement Payment.</u> Pursuant to the Amended and Revised Settlement Agreement and Mutual and General Release Agreement (the "Settlement Agreement"), approved by the Court pursuant to an Order entered October 15, 2018 [dkt. no 304], the Settling Parties (as defined by the Settlement Agreement) must pay $1,725,000 in cash to the estate on or before the Effective Date. This was calculated using the settlement payment of $2,700,000 minus $975,000 in credit against that payment due to the purchase of 39 trucks (at a credit of $25,000 per purchased truck) as set forth in the Settlement Agreement.

16. <u>Post-Effective Date Retention of Professionals</u>.  From and after the Effective Date, any requirement that professionals employed by the Liquidating Trust or Post-Confirmation Committee comply with 11 U.S.C. §§ 327-331 in seeking retention or compensation for services rendered after such date shall terminate, and the Liquidating Trust and Post-Confirmation Committee shall be authorized to employ and compensate professionals in the ordinary course of business and without the need for Bankruptcy Court approval.

17. <u>Confirmation Order Controlling</u>.  If there is any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.  However, any inconsistencies shall be interpreted so as to further the goals of and to facilitate the finalization, effectuation, and implementation of the Plan. Furthermore, no ambiguity in this Confirmation Order shall be interpreted to prejudice the rights of Debtor under the Plan.

18. <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order and the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

19. <u>Retention of Jurisdiction</u>. Pursuant to 11 U.S.C. §§ 105(a) and 1142 of the United States Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising in, or arising out of, and related to, this bankruptcy case and the Plan including, but not limited to, those matters set forth in the Plan.

20. <u>Final Order, Effective Date</u>.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon entry hereof. Notwithstanding Federal Bankruptcy Rules 7062 and 3020(e), this Confirmation Order shall be effective and enforceable immediately upon its entry.

19. <u>Postconfirmation Requirements.</u>  Within 120 days of the entry of this order, the Post-Confirmation Committee shall file a status report explaining what progress has been made toward consummation of the confirmed plan of reorganization <u>and the other requirements of LBR 3020-1(b)</u>. The initial report shall be served on the United States trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every 120 days thereafter and served on the

///

///

///

same entities, unless otherwise ordered by the court. A postconfirmation status conference will be held on March 26, 2019, at 2:00 p.m., in Courtroom 1545, 255 E. Temple Street, Los Angeles, CA 90012, with a status report due on March 12, 2019.

20.  <u>If the above-referenced case is converted to one under chapter 7, the property of the reorganized debtor, or of any liquidation or litigation trust, or of any other successor to the estate under the plan, that has not been distributed under the plan shall be vested in the chapter 7 estate, except for property that would have been excluded from the estate if this case had always been one under chapter 7.</u>

###

Date: December 7, 2018

Neil W. Bason
United States Bankruptcy Judge